**United States District Court**
For the Northern District of California

1
2
3
4
5                 UNITED STATES DISTRICT COURT
6             NORTHERN DISTRICT OF CALIFORNIA
7
8   ABA  D. CZEKUS,                   No. C-13-2928 EMC (pr)
9          Petitioner,
10      v.                      **ORDER ON INITIAL REVIEW**
11   W. KNIPP, Warden,
12          Respondent.
13   _____/
14
15                   **I.**   **INTRODUCTION**
16       Petitioner, an inmate at Mule Creek State Prison, filed this *pro se* action seeking a writ of
17 habeas corpus pursuant to 28 U.S.C. § 2254.  His petition is now before the Court for review
18 pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases in the United
19 States District Courts.
20                   **II.**   **BACKGROUND**
21       The petition and attachments thereto provide the following information:  Petitioner pled nolo
22 contendere and was convicted in Santa Clara County Superior Court of aggravated sexual assault of
23 a child and committing a lewd and lascivious act upon a child under age 14.  *See* Cal. Penal Code
24 §§ 269, 288(b)(1).  He was sentenced on December 15, 2009 to 32 years in state prison.  He states
25 that he appealed in 2011, although it appears that he is referring to his state habeas petitions.
26 *See* Docket # 1, p. 3.  His state habeas petitions were unsuccessful: the Santa Clara County Superior
27 Court denied his petition in 2011; the California Court of Appeal denied his petition in 2011; and the
28 California Supreme Court denied his petition in 2012.

United States District Court

For the Northern District of California

Petitioner then filed this action, seeking a writ of habeas corpus.  The petition was stamped "filed" on June 25, 2013.  The petition has a proof of service indicating that it was mailed to the Court on June 24, 2013, by someone assisting Petitioner from outside prison.  *See* Docket # 2, p. 63. The prisoner mailbox rule, which deems most documents filed when the prisoner gives them to prison officials to mail to the Court, *see Stillman v. LaMarque*, 319 F.3d 1199, 1201 (9th Cir. 2003), does not apply because the petition was not given to prison officials to mail to the Court.  The filing date of June 25, 2013 is the relevant date for purposes of the habeas statute of limitations.

## III.   DISCUSSION

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975).  A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  28 U.S.C. § 2243.  Under Rule 4 of the Rules Governing Section 2254 Cases In The United States District Courts, a district court may also order the respondent to file another pleading where neither summary dismissal nor service is appropriate.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which became law on April 24, 1996, imposed for the first time a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners.  Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which:  (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence.  *See* 28 U.S.C. § 2244(d)(1).  Time during which a properly

filed application for state post-conviction or other collateral review is pending is excluded from the one-year time limit.  *See id.* § 2244(d)(2).

The petition in this action was filed more than a year after Petitioner's conviction became final, and may be untimely under the AEDPA's one-year limitation period.  This apparent procedural problem should be addressed before the Court reaches the merits of the claims raised in the petition.  If the petition is time-barred, the litigants and Court need not expend resources addressing the claims in the petition.  Accordingly, pursuant to Rule 4 of the Rules Governing Section 2254 Cases In The United States District Courts, Respondent must either (1) move to dismiss the petition on the ground that it is untimely, or (2) inform the Court that Respondent is of the opinion that a motion to dismiss is unwarranted in this case.

## IV.   CONCLUSION

Good cause appearing therefor,

1.      The Clerk shall serve by certified mail a copy of this order and the petition upon Respondent and Respondent's attorney, the Attorney General of the State of California.  The Clerk shall also serve a copy of this order on Petitioner.

2.      Respondent must file with the Court and serve upon Petitioner, on or before **September 13, 2013**, a motion to dismiss the petition or a notice that Respondent is of the opinion that a motion to dismiss is unwarranted.

3.      If Petitioner wishes to oppose the motion to dismiss, he must do so by filing an opposition with the Court and serving it upon Respondent on or before **October 11, 2013**.

4.      Respondent may file and serve a reply on or before **October 25, 2013**.

///
///
///
///
///
///
///

3

5.      The motion will be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion.  If Respondent notifies the Court that a motion to dismiss is unwarranted or the motion to dismiss is decided against Respondent, the Court will then determine whether to require an answer to the petition.

IT IS SO ORDERED.

Dated:  July 17, 2013

_____
EDWARD M. CHEN
United States District Judge

United States District Court
For the Northern District of California

4